FORREST, J

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 01 2012

———————————————————— )
                                                     )
ENVIRONMENTAL DEFENSE FUND,          )
                                                     )
                                                     )
                           Plaintiff,            )   Case No. 11 Civ. 04492 (KBF)
                                                     )   ECF CASE
              v.                                )
                                                     )
LISA P. JACKSON, Administrator, United  )   **CONSENT DECREE**
States Environmental Protection Agency, in )
her official capacity,                          )
                                                     )
                           Defendant.        )
                                                     )
                                                     )
———————————————————— )

WHEREAS, on June 30, 2011, Plaintiff Environmental Defense Fund ("EDF" or "Plaintiff") filed the above-captioned matter against Lisa P. Jackson, in her official capacity as Administrator of the United States Environmental Protection Agency ("EPA" or "Defendant");

WHEREAS, Plaintiff alleges that EPA failed to perform its obligations under Clean Air Act ("CAA") section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B), to "review and, if appropriate, revise" the new source performance standards ("NSPS") for municipal solid waste landfills ("MSW landfills"), 40 C.F.R. Part 60, Subpart WWW (40 C.F.R. §§ 60.750 – 60.759), "following the procedure required by [42 U.S.C. § 7411(b)(1)(B)] for promulgation of such standards," no later than 8 years after the promulgation of these standards, 42 U.S.C. § 7411(b)(1)(B), see Compl. ¶¶ 25-30, 32-33, 46-48 (Dkt. 1);

1

WHEREAS, the relief requested in the Complaint includes, among other things, an order from this Court to establish a date certain by which EPA must satisfy its section 111(b)(1)(B) obligations for MSW landfills, *see* Compl. at 15;

WHEREAS, EPA originally promulgated the NSPS in 1996 pursuant to CAA section 111(b)(1)(B), and simultaneously promulgated emission guidelines for MSW landfills pursuant to CAA section 111(d), *see* EPA Answer ¶ 18 (Dkt. 14);

WHEREAS, EPA, in its answer, stated that it has "not completed the review of the MSW landfills NSPS," has "not promulgated a determination that such a review is 'not appropriate,'" has "not finalized a revision of the MSW landfills NSPS," and has "not promulgated a determination that such a revision is 'not appropriate,'" pursuant to CAA section 111(b)(1)(B), *see* EPA Answer ¶¶ 28-29, 31, 46-47;

WHEREAS, before filing the complaint in this action, Plaintiff served notice on EPA as required by the CAA to inform EPA of Plaintiff's intent to initiate the present action, *see* EPA Answer ¶ 2;

WHEREAS, Plaintiff and EPA have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, Plaintiff and EPA consider this Consent Decree to be an adequate and equitable resolution of all the claims in this matter and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiff EDF, Defendant EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiff and EPA agree that this Court has jurisdiction over this matter pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(e);

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the Clean Air Act;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiff EDF and Defendant EPA, it is hereby ordered, adjudged and decreed that:

1. This Court has jurisdiction over the claims set forth in the Complaint and may order the relief contained in the Consent Decree. Venue is proper in the United States District Court for the Southern District of New York.

2. For the Municipal Solid Waste Landfills source category:

   a. No later than May 1, 2013, EPA shall: (i) perform an appropriate review and sign for publication one or a combination of the following: (A) a proposed rule containing revisions to the MSW Landfills NSPS, 40 C.F.R. Part 60, Subpart WWW ("NSPS Subpart WWW"), under CAA section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B); or (B) a proposed determination under CAA section 111(b)(1)(B) not to revise NSPS Subpart WWW; or (ii) sign for publication a determination that "review is not appropriate in light of readily available information on the efficacy of [the] standard," *i.e.*, NSPS Subpart WWW.[1]

---

[1] The parties do not agree on the legal question of whether notice and comment is required in the event that EPA takes action only pursuant to paragraph 2.a(ii). In view of this, the parties agree that nothing in this Consent Decree precludes Plaintiff from challenging any such action on the basis that notice and comment was not provided, or on any other grounds, as stated generally in Paragraph 11; and nothing prevents EPA from raising any defenses in response to such a challenge.

3

      b. If EPA signs a proposed rule or a proposed determination pursuant to paragraph 2.a(i) above, then no later than May 1, 2014, EPA shall sign one or a combination of the following: (i) a final rule containing revisions to NSPS Subpart WWW under CAA section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B), based on an appropriate review; or (ii) a final determination under CAA section 111(b)(1)(B) not to revise NSPS Subpart WWW, based on an appropriate review.

3.     Within ten (10) days of signing each proposed rule or determination (or combination thereof) and each final rule or determination (or combination thereof) as described in paragraph 2 of this Consent Decree, EPA shall deliver signed notice of each such action to the Office of the Federal Register for prompt publication. Following such delivery to the Office of the Federal Register, EPA shall not take any action (other than is necessary to correct any typographical errors or other errors in form) to delay or otherwise interfere with the publication of each such notice in the Federal Register. In addition, EPA shall provide a copy of each such notice to Plaintiff within seven (7) days of delivery to the Office of the Federal Register.

4.     Once EPA has completed all of the actions set forth above, and after publication of notice of the final action required by paragraph 2 in the Federal Register, EPA may move to have this Consent Decree terminated, and the action dismissed. Plaintiff shall have fourteen (14) days in which to respond to such motion.

5.     The deadlines established by this Consent Decree may be modified by (a) written stipulation of Plaintiff and EPA with notice to the Court, or (b) by the Court on a motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the Plaintiff. Any other provision of this Consent Decree may be modified by the Court following motion of either Plaintiff or EPA for good cause shown pursuant to the

Federal Rules of Civil Procedure and upon consideration of any response by the non-moving party.

6.       In the event of a dispute between Plaintiff and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. The parties shall meet and confer in order to attempt to resolve the dispute. If the parties are unable to resolve the dispute within fourteen (14) days after receipt of the notice, either party may petition the Court to resolve the dispute.

7.       No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless Plaintiff has followed the procedure set forth in paragraph 6, and provided EPA with written notice received at least fourteen (14) business days before filing of such motion or proceeding.

8.       This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including attorney fees.

9.       Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any final rule or determination issued by EPA pursuant to this Consent Decree, (b) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), or (c) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

10.      Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter,

5

amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

11. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law. By entering into this Consent Decree, EPA and Plaintiff do not waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

12. The deadline for filing a motion for costs of litigation (including attorney fees) for activities performed prior to entry of the Consent Decree is hereby extended until 90 days after this Consent Decree is entered by the Court. During this 90-day period, the parties shall seek to resolve informally any claim for costs of litigation (including attorney fees), and if they cannot, Plaintiff will file a motion for costs of litigation (including attorney fees). Nothing in this paragraph shall be construed as an admission or concession by EPA that Plaintiff is entitled to or eligible for recovery of any costs or attorney fees.

13. Plaintiff reserves the right to seek additional costs of litigation, including attorney fees, incurred subsequent to entry of this Consent Decree and arising from Plaintiff's need to enforce or defend against efforts to modify its terms or the underlying schedule outlined herein, or for any other unforeseen continuation of this action. EPA reserves the right to oppose any such request. In the event that Plaintiff intends to file a claim for any such additional costs of litigation, including attorney fees, the parties agree to confer pursuant to Paragraph 6 of this Consent Decree to allow Plaintiff to assess the potential to resolve such a claim informally before acting.

14. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiff and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

15. The parties agree and acknowledge that before this Consent Decree is entered by the Court, EPA must provide notice of this Consent Decree in the Federal Register and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). EPA will deliver a public notice of this Consent Decree to the Federal Register for publication and public comment within fourteen (14) days after lodging this Consent Decree with the Court. After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments received in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree. If a motion to enter the Consent Decree is not filed within ninety (90) days after the notice is published in the Federal Register, any party may file dispositive motions in this matter.

16. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or certified mail, and sent to each of the following counsel (or to any new address of the parties' counsel as filed and listed in the docket of the above-captioned matter, at a future date):

7

a. For Plaintiff EDF:

Emma Cheuse
Seth Johnson
Earthjustice
1625 Massachusetts Avenue, N.W., Suite 702
Washington, D.C. 20036
E-mail: echeuse@earthjustice.org
E-mail: sjohnson@earthjustice.org

Deborah Goldberg
Earthjustice
156 William Street, Suite 800
New York, NY 10038
E-mail: dgoldberg@earthjustice.org

Elizabeth deLone Paranhos
Delone Law, Inc.
1555 Jennine Place
Boulder, CO 80304
E-mail: elizabethparanhos@delonelaw.com

Peter Zalzal
Environmental Defense Fund
2060 Broadway, Suite 300
Boulder, CO 80302
E-mail: pzalzal@edf.org

b. For Defendant EPA:

Louis A. Pellegrino
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
E-mail: louis.pellegrino@usdoj.gov

Richard H. Vetter
U.S. Environmental Protection Agency
Office of Air Quality Planning and Standards
109 T.W. Alexander Drive
MD – D205-01
Research Triangle Park, North Carolina 27711
E-mail: vetter.rick@epa.gov

8

17. EPA and Plaintiff recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

18. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

19. The undersigned representatives of Plaintiff Environmental Defense Fund and Defendant EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

COUNSEL FOR PLAINTIFF:

Dated: Washington, D.C.
      September 28, 2012     By:    /s/ *Emma C. Cheuse*
                                                  EMMA C. CHEUSE, ESQ.
                                                  SETH L. JOHNSON, ESQ.
                                                  EARTHJUSTICE
                                                  1625 Massachusetts Avenue, N.W., Suite 702
                                                  Washington, D.C. 20036
                                                  Tel: (202) 667-4500
                                                  echeuse@earthjustice.org
                                                  sjohnson@earthjustice.org

                                                  DEBORAH GOLDBERG, ESQ.
                                                  EARTHJUSTICE
                                                  156 William Street, Suite 800
                                                  New York, NY 10038
                                                  Tel: (212) 791-1881
                                                  dgoldberg@earthjustice.org

                                  ELIZABETH DELONE PARANHOS, ESQ.
                                  DELONE LAW, INC.
                                  1555 Jennine Place
                                  Boulder, CO 80304
                                  Tel: (303) 880-4285
                                  elizabethparanhos@delonelaw.com

                                  *Attorneys for Plaintiff Environmental Defense Fund*

COUNSEL FOR DEFENDANT:

Dated: New York, New York
         September 28, 2012

                                  PREET BHARARA
                                  United States Attorney for the
                                  Southern District of New York
                                  *Attorney for Defendant EPA*

By:     */s/ Louis A. Pellegrino*
        LOUIS A. PELLEGRINO
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Telephone: (212) 637-2689
        Facsimile: (212) 637-2686
        Email: louis.pellegrino@usdoj.gov

SO ORDERED on this 28th day of September, 2012.

                                  KATHERINE B. FORREST
                                  United States District Judge